NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013[*]
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3909

| | |
|---|---|
| LYNN B. PETTIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 2806 |
| FITNESS INTERNATIONAL, LLC, et al., | |
| *Defendants-Appellees*. | Ronald A. Guzmán, |
| | *Judge*. |

**ORDER**

Lynn Pettis, a former janitor at an L.A. Fitness club in Chicago (owned by Fitness International, LLC), appeals the district court's dismissal of his employment-discrimination suit for failure to state a claim. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The following allegations from Pettis's complaint are somewhat confusing, but we accept them as true and construe them in his favor: One morning, while Pettis was sending a text message, the club's general manager (identified only as "Cory") told him "in a very rough and demeaning voice" to clean the locker room. Pettis refused, and said that Cory could not talk to him like that. When Pettis refused a second time, Cory told him he was fired. As Pettis was leaving, Cory followed him to a back room in a threatening manner, at which point Pettis explained the circumstances behind his texting and Cory proceeded to assure him that everything was fine. Pettis later complained about Cory's behavior to the club's operations manager via text message and email, and also faxed a letter to the human resources department, saying that he would continue to work at the club until he could be replaced. He worked two more days and then was told he had been replaced.

Pettis brought this suit under Title VII, alleging discrimination and retaliation for engaging in a protected activity. The district court granted the defendants' motion to dismiss, concluding that Pettis failed to state a claim of discrimination because he did not allege that he belonged to any protected class; and failed to state a retaliation claim by not alleging that he engaged in statutorily protected activity, that he was subjected to an adverse employment action, and that there was a causal link between the two.

Pettis's discursive appellate brief challenges the dismissal generally, but does not address the flaws identified in his complaint by the district court. To survive dismissal a complaint "must contain sufficient factual subject matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Regarding his claim of discrimination under Title VII, Pettis needed to allege that the defendants instituted an adverse employment action against him based on his membership in a protected class, *see Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), but he has not suggested that he belongs to a protected class, let alone hinted at how his encounter with Cory relates to his race, religion, sex, or national origin. As for his retaliation claim, he has failed to suggest a causal link between any protected activity and retaliatory action against him. *See, e.g., McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996).

AFFIRMED.